UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KAMAL S. KITTRELL,

          Plaintiff,

                                                                 CASE NO. 2:06-CV-14567
v.                                                       HONORABLE PAUL D. BORMAN

WAYNE COUNTY, et al.,

          Defendants.

_____/

**OPINION AND ORDER OF SUMMARY DISMISSAL**

I.      Introduction

      Before the Court is Plaintiff Kamal Kittrell's *pro se* civil rights complaint filed pursuant to 42 U.S.C. § 1983. Plaintiff is a state prisoner currently confined at the Huron Valley Correctional Facility in Ypsilanti, Michigan. The Court has granted Plaintiff's application to proceed without prepayment of the filing fee. *See* 28 U.S.C. § 1915(a). In his complaint, Plaintiff alleges that Wayne County prosecuting officials and Detroit Police officers have failed to properly investigate his complaints about a corrupt Detroit Police officer who allegedly forged documents regarding a line-up. Plaintiff seeks injunctive relief and monetary damages. Having reviewed the complaint, the Court dismisses it for failure to state a claim upon which relief may be granted.

II.     Discussion

      Plaintiff has been granted *in forma pauperis* status. Under the Prison Litigation Reform Act of 1996 ("PLRA"), the Court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious,

1

fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 42 U.S.C. § 1997(e)(c); 28 U.S.C. §§ 1915(e)(2)(B). The Court is similarly required to dismiss a complaint seeking redress against government entities, officers, and employees which it finds to be frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A. A complaint is frivolous if it lacks an arguable basis either in law or in fact. *Denton v. Hernandez*, 504 U.S. 25, 31 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

This Court is aware that a *pro se* complaint should be held to a "less stringent standard" than one drafted by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even a *pro se* complaint, however, must plead facts sufficient to show a legal wrong has been committed for which the plaintiff may be granted relief. To state a federal civil rights claim, a plaintiff must show that: (1) the defendant is a person who acted under color of state or federal law, and (2) the defendant's conduct deprived the plaintiff of a federal right, privilege, or immunity. *Flagg Bros. v. Brooks*, 436 U.S. 149, 155-57 (1978); *Brock v. McWherter*, 94 F.3d 242, 244 (6th Cir. 1996). Despite the liberal pleading standard accorded *pro se* plaintiffs, the Court finds that the complaint is subject to dismissal.

First, it is well-settled that a claim under § 1983 is an appropriate remedy for a state prisoner challenging a condition of his imprisonment. *Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973). To the extent that Plaintiff's complaint challenges line-up procedures, however, it contests the legality of his criminal proceedings. Ruling on such a claim would necessarily challenge the validity of his criminal conviction and confinement. Such claims are not properly brought under 42 U.S.C. § 1983. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (holding

that a state prisoner does not state a cognizable civil rights claim challenging his conviction or imprisonment if a ruling on his claim would necessarily render his continuing confinement invalid, until and unless the reason for his continued confinement has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal, or has been called into question by a federal court's issuance or a writ of habeas corpus under 28 U.S.C. § 2254); *see also Thomas v. Pleasant*, 28 Fed. Appx. 436, 437 (6th Cir. 2002).  This holds true regardless of the relief sought by the plaintiff.  *Heck*, 512 U.S. at 487-89.  To the extent that Plaintiff challenges his criminal proceedings or the circumstances underlying his confinement, he fails to state a claim upon which relief may be granted under § 1983.

Second, Plaintiff's complaint is subject to dismissal on his claim that he is entitled to relief from this Court because the defendants have failed to properly investigate, discipline, and/or prosecute an allegedly corrupt police officer.  A private citizen has no constitutional, statutory, or common law right to require a public official to investigate or prosecute a crime. *See White v. City of Toledo,* 217 F. Supp. 2d 838, 841 (N.D. Ohio 2002); *Walker v. Schmoke*, 962 F. Supp. 732, 733 (D. Md. 1997); *Fulson v. City of Columbus*, 801 F. Supp. 1, 6 (S.D. Ohio 1992) ("A public official charged with the duty to investigate or prosecute a crime does not owe that duty to any one member of the public, and thus no one member of the public has a right to compel a public official to act.").  Plaintiff has thus failed to state a claim upon which relief may be granted under § 1983 in this regard.

III.    Conclusion

For the reasons stated, the Court concludes that Plaintiff has failed to state a claim upon which relief may be granted.  Accordingly, the Court **DISMISSES** Plaintiff's complaint. Additionally, the Court concludes that an appeal from this order would be frivolous and

therefore cannot be taken in good faith.  *See* 28 U.S.C. § 1915(a)(3); *see also McGore v. Wrigglesworth*, 114 F.3d 601, 610-11 (6th Cir. 1997).

**IT IS SO ORDERED.**

s/Paul D. Borman
PAUL D. BORMAN
UNITED STATES DISTRICT JUDGE

Dated:  October 31, 2006

CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record by electronic means or U.S. Mail on October 31, 2006.

s/Denise Goodine
Case Manager